**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LYNNE THORNTON,
Plaintiff-Appellant,

v.                                                                    No. 99-2243

BASF,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-98-2360-6-24)

Argued: June 8, 2000

Decided: July 11, 2000

Before NIEMEYER and KING, Circuit Judges, and
Irene M. KEELEY, United States District Judge
for the Northern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Andrew Arnold, ARNOLD & MURPHY,
L.L.C., Greenville, South Carolina, for Appellant. Kristofer Karl
Strasser, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
P.C., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lynne Thornton brought this action in the District of South Carolina, alleging that she was wrongfully terminated by BASF in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2901 et seq., for an absence that was the result of a "serious health condition." The district court granted summary judgment to BASF, and we affirm.

I.

The essential facts are undisputed. Thornton began working at BASF in September 1993, and received two "final written warning[s]" due to excessive absenteeism in April 1995 and again in September 1997. In January 1998, Thornton developed a serious heart condition. She then provided BASF with a doctor's certification that she was not able to work. She requested and was paid short-term disability ("STD") benefits during the entire period of her medically necessary absence.

In April 1998, after being absent from work for thirteen weeks, Thornton was medically cleared to return to work and she did so. Two weeks later, although she had no further absences, BASF terminated Thornton for excessive absenteeism.

II.

We review a grant of summary judgment de novo. See, e.g., Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997). Summary judgment is appropriate if "`there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

2

A.

The FMLA provides that an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period because of a serious health condition that makes the employee unable to perform the functions of her employment position. [1] 29 U.S.C. § 2912(a)(1). The employer is responsible for designating leave as FMLA-qualifying and for giving notice of the designation to the employee. 29 C.F.R. § 825.208(a). An eligible employee who takes FMLA leave shall be entitled, upon return from that leave, to be restored to the position held prior to leave, or to an equivalent position, except in certain circumstances that are not applicable to this case. See 29 U.S.C. § 2914(a)(1).

In addition to the federally mandated FMLA leave, BASF maintains STD coverage for its qualified employees. This STD coverage provides continuing pay for up to twenty-six weeks if the employee is prevented from performing her usual duties because of illness or injury.

B.

Thornton argues that because her 1998 medical condition qualified under the FMLA as a serious health condition, the protections of the FMLA must apply to the first twelve weeks of her leave. She argues that (i) she was not required to request FMLA leave in order to receive the FMLA's employment protections; (ii) BASF could not unilaterally decline to classify Thornton's leave as FMLA leave; (iii) BASF could not condition her receipt of an employee benefit, i.e., the STD benefits, on her waiver of FMLA protections; and (iv) BASF violated the FMLA by basing its termination decision on her thirteen week absence, a part of which was protected by the FMLA.

Thornton contends that she was entitled to FMLA protections for her thirteen week leave, because she provided BASF with sufficient information to put it on notice that her leave request implicated the

_____

[1] The leave granted to the employee by the employer in compliance with the FMLA may be unpaid. See 29 U.S.C.§ 2912(c); 29 C.F.R. § 825.207(a) ("Generally, FMLA leave is unpaid.").

3

FMLA. While we agree that "an employee giving notice of the need for unpaid FMLA leave does not need to expressly assert rights under the [FMLA] or even mention the FMLA to meet . . . her obligation to provide [the employer with] notice" that the leave may fall within FMLA coverage, this fact is not dispositive of the case. 29 C.F.R. § 925.208(a)(2). We must determine whether, in light of Thornton's affirmative request for paid STD benefits, her absence was necessarily a FMLA-protected leave.

Thornton maintains that BASF "unilaterally" elected not to classify her leave as FMLA leave, in violation of the FMLA. The FMLA requires an employer to promptly "notify the employee that the paid leave is designated and will be counted as FMLA leave" (so the employee knows that her twelve week annual FMLA maximum allotment has been taxed), but there is no requirement that the employer notify the employee that her leave is not designated as FMLA leave.**2** 29 C.F.R. § 825.208(b)(1). Because Thornton's leave was not classified as FMLA leave, BASF had no obligation to further notify her of that fact.

Thornton also argues that BASF required her to elect between the FMLA protections and receipt of an earned employee benefit, the STD coverage, in violation of the FMLA. See 29 C.F.R. § 825.220(d) (providing that employers may not induce employees to waive their rights under the FMLA, e.g., an employee cannot "trade off" the right to take FMLA leave against some other benefit offered by the employer). Even assuming Thornton's arguable interpretation of BASF's policy were correct, it is uncontradicted that Thornton did not actually consider or exercise such a choice here, and we conclude that no FMLA violation occurred.**3**

_____

**2** Thornton does not contend that BASF failed to provide her with written notice of its policies, pursuant to the FMLA's requirements. See 29 C.F.R. § 825.301 (requiring employer to provide employee with written notice detailing specific expectations and obligations of the employee as to the FMLA and the consequences of a failure to meet these obligations). When she was hired, Thornton received a copy of BASF's Employee Handbook which contained such a written explanation.
**3** We therefore do not decide whether BASF's policy compels an unlawful choice between receipt of earned benefits and FMLA protections.

4

III.

We have carefully considered the positions of the parties as set forth in the briefs and elaborated upon at oral argument. We conclude that the district court properly granted summary judgment in favor of BASF, and we agree with and adopt the reasoning set forth in the district court's opinion. See Thornton v. BASF, CA No. 98-2360-6-24 (D.S.C. Aug. 31, 1999).

AFFIRMED

5